UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CAROL SUE ROBERSON,

    Petitioner,

v.                          608CV011

STEVE ASKEW, Emanuel County
District Attorney; TONY HOWERTON,
Warden; STATE OF GEORGIA,

    Respondents.

## ORDER

Inmate Carol Sue Roberson's motions for entry and judgment of default (doc. ## 13, 14) are ***DENIED***. *See* doc. # 12 (Order explaining that there is no "default" in habeas proceedings).

Meanwhile, Roberson has responded to the Court's 6/4/08 Order (doc. # 12). That Order pointed out that on 3/10/08, a Magistrate Judge (MJ) granted Roberson leave to proceed with her habeas petition *in forma pauperis* (IFP), denied her motion for appointment of counsel, and directed her to re-file her case on a court-furnished, 28 U.S.C. § 2254 form so that she would be compelled to state all of the grounds upon which she believes she is entitled to habeas relief. Doc. # 12 at 1. The MJ warned in boldfaced, underlined type:

> Failure to submit a complete § 2254 petition within thirty days of receipt of this Order may result in dismissal of this petition without prejudice.

Doc. # 7 at 3.

Upon Roberson's failure to comply, the Court on 5/22/08 dismissed her petition without prejudice. Doc. ## 8, 9. The Court then acknowledged the possibility of a mail snafu (doc. # 12 at 2), and Roberson has since responded with a series of papers (postmarked 6/10/08), including: (a) returned-envelope aftermath showing that she has been mailing her filings to the *wrong* court address (the Court's Statesboro courthouse, when in fact the *Savannah* courthouse address is used for Statesboro filings -- something that understandably may not be clear to a layperson); and (b) a copy of a prison grievance complaining that her prison's mail officials have been failing to promptly process her mail.

In a (hand-dated by Roberson) 6/13/08 follow-up cluster of papers, Roberson has included, in response to Order doc. # 12: (c) an explanation for the mailing snafu; plus (d) a completed § 2254 petition. Because this Court accepts Roberson's snafu explanation, it deems her § 2254 petition filed on 6/13/08 for statute-of-limitations purposes.

Accordingly, the Clerk is directed to file the (a)-(b) paperwork in a separate docket entry (dated *nunc pro tunc* 6/10/08), then file the (c)-(d) paperwork in another, separate docket entry (dated *nunc pro tunc* 6/13/08).[1] The Clerk shall then refer this case to the MJ for further processing (*i.e.*, the MJ shall determine whether to direct 28 U.S.C. § 2254 Rule 4 service, then ultimately generate a Report and Recommendation, etc.).

Next, the Clerk shall ensure that Roberson's

---

[1] The Clerk shall file Roberson's "Dear Clerk of Court" letter as "Petitioner's Response to 6/4/08 Court Order." In that letter she asks "If the Court has mailed a § 2254 form to me, do I send it also?" In answer to her question, it is unclear what has been sent to Roberson given the mailing problems, but since she has used a Northern District of Georgia form (she crossed out "Northern" and wrote "Southern" on it), she does not have to send another § 2254 petition to this Court -- even if a Southern District § 2254 form has been sent to her -- as the Court will accept her adapted, "Northern District" petition.

correct, current address (as she super-illuminates in her latest filings) is recorded in this Court's processing system. Roberson, meanwhile shall use the Clerk's mailing address as furnished to her on the mailing envelope sent to her by this Court. There should be *no more* mailing mishaps in this case.

This __23__ day of June, 2008.


_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA