# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| CAROL SUE ROBERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV608-011 |
| ) | |
| STEVE ASKEW, *Emanuel County* ) | |
| *District Attorney*; TONY HOWERTON, ) | |
| *Warden*; STATE OF GEORGIA, ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner, currently confined at Lee Arrendale State Prison in Alto, Georgia, has submitted a petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging her 1990 Emanuel County murder conviction. (Doc. 17, Petition.) For the following reasons, this case should be **DISMISSED**.

In the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Stat. 1214, Congress amended the federal habeas statute to require that a second or successive petition be certified by a panel of the appropriate court of appeals prior to being

brought in any district court. See 28 U.S.C. § 2244(b)(3)(A) (noting that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

The Seventh Circuit held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding that district court lacked jurisdiction to consider a second § 2254 petition); In re Medina, 109 F.3d 1556 (11th Cir. 1997) (holding that district court properly denied successive petition because movant neglected to obtain a certificate from the federal appellate court authorizing consideration of the motion).

The record indicates that petitioner previously filed a § 2254 petition in this Court on May 26, 1994, challenging the same 1990 Emanuel County murder conviction she seeks to attack in the instant § 2254 petition. See Roberson v. Esposito, CV694-111 (S.D. Ga. 1996). The district judge dismissed the earlier petition on May 29, 1996. Roberson, CV694-111 (doc. 44). On July 1, 1998, Roberson filed a 35-page document with the Court that "walk[ed] and "talk[ed]" like a § 2254 petition. Roberson, CV694-111 (doc. 52). The Court directed the clerk to re-docket the document as a second § 2254 petition and enter an order dismissing it without prejudice as successive. Roberson, CV694-111 (doc. 53.) Accordingly, this appears to be Roberson's third § 2254 petition attacking her 1990 murder conviction. Because the instant petition is successive and petitioner has not sought or received authorization from the Eleventh Circuit to file it, this Court is not at liberty to consider it. Accordingly, the Court should **DISMISS** this petition as successive.

In addition, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to include a one-

year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). For petitioners whose state convictions became final prior to the effective date of AEDPA, however, the Eleventh Circuit has held that the one-year statute of limitations began to run on the date AEDPA went into effect. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998). Thus, a petitioner whose state convictions occurred prior to April 24, 1996, which is the effective date of AEDPA, must have filed a federal habeas corpus petition prior to April 24, 1997 to avoid having the petition barred by the one-year statute of limitations. United States v. Moore, 344 F.3d 1313, 1320 (11th Cir. 2003).

Roberson's current petition challenges her 1990 Emanuel County murder conviction. (Doc. 17, Petition at 1.) Although, "[t]he time during which a properly filed application for State post-conviction or other collateral relief . . . is pending" tolls the limitation period, Roberson states that her state habeas case was pending only from 1992 through 1993.[1] 28 U.S.C. § 2244(d)(2); (Doc. 17, Petition at 2.) Accordingly, her conviction became final

---

[1] Roberson does not allege that she sought any other state remedies in connection with her conviction.

4

before April 24, 1996, and she had until April 24, 1997 to seek federal habeas relief. Because Roberson's present federal habeas petition was not filed until June 13, 2008,[2] well outside the applicable limitations period, it is time-barred under § 2244. Thus, even if her petition were not successive, it would receive no consideration by the Court.

**SO REPORTED AND RECOMMENDED** this 26th day of June, 2008.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] See Doc. 15 (noting that the Court deems Roberson's § 2254 petition filed on 6/13/08 for statute of limitations purposes).